UNITED STATES DISTRICT COURT
DISTRICT OF THE STATE OF RHODE ISLAND

SETH K. ARMAH YEBOAH

CA 13- 196

VS.                                        CA NO. 13-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION; JP MORGAN CHASE BANK

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT ACCORDING TO THE PROVISIONS OF §9-30-1, et. seq. of THE GENERAL LAWS OF THE STATE OF RHODE ISLAND
And TO QUIET TITLE TO THE SUBJECT PROPERTY PURSUANT TO§34-16-1 et. Seq. of THE RHODE ISLAND GENERAL LAWS.**

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Superior Court.**

## INTRODUCTION

1. This complaint seeks a declaratory judgment that an alleged "Assignment" of the Plaintiff's mortgage loan from Defendant, JP Morgan Chase Bank National Association ("JP Morgan Chase") to Defendant, Federal National Mortgage Association ("FNMA"), is invalid and that, as a result, FNMA, is not a valid mortgagee that may initiate a foreclosure sale on Plaintiff's property. As grounds set forth the Plaintiff avers that there is no assignment of the Plaintiff's Mortgage from Washington Mutual to JP Morgan Chase and that JP Morgan Chase was not a valid mortgagee, assignee or successor in interest of the Plaintiff's mortgage that could validly assign the mortgage to FNMA.

2. Plaintiff further contends that Defendants, FNMA and JP Morgan Chase Bank, are not the current Mortgagees of the Property because there is no assignment or factual basis to believe that JP Morgan Chase is a successor in interest to Washington Mutual and the Assignment of Mortgage purporting to assign the Mortgage from JP Morgan Chase Bank to FNMA is null and void.

3. The Plaintiff prays that this Honorable Court declare any foreclosure sale based on these documents invalid, enjoin the Defendants from proceeding with any foreclose or eviction action against Plaintiff pending a determination by this Court verifying the validity of the Mortgage, Assignments of Mortgage, any Foreclosure Deed, and underlining sale. Plaintiff further respectfully requests this Honorable Court quiet the title of said property by declaring Plaintiff, Seth K. Armah Yeboah, as the sole owner.

## The Parties

4. Plaintiff, Seth K. Armah Yeboah, ("Yeboah"), is the owner of real property located at 17-19 Sanford Street, Pawtucket, RI 02860 ("Property").

5. Washington Mutual Bank FA ("WaMu"), upon information and belief was the United States' largest savings and loan institution and subprime lender until it became "the largest bank failure in U.S. History" after the United States Office of Thrift Supervision seized it and placed it into the receivership of the FDIC on September 25, 2008. WaMu was a mortgage lender identified as an assignee of an Assignment of a Yeboah Mortgage from Greenwich Mortgage Corporation.

6. Defendant, JP Morgan Chase ("Chase"), upon information and belief, purchased some of the assets of Washington Mutual (minus unsecured debt or equity claims) from the FDIC at a "fire sale price" on the same day WaMu was shut down. Chase and the FDIC are now facing a lawsuit from WaMu stock holders claiming that the purchase was a politically motivated unjustified seizure at an extremely low price. Chase claims to have purchased the Yeboah note and mortgage and has attempted to assign the Yeboah Mortgage to FNMA.

7. Defendant, Federal National Mortgage Association, ("FNMA"), is a wholly-owned government corporation within the Department of Housing and Urban Development (HUD) located at 3900 Wisconsin Avenue, NW, Washington, DC 20016. Based on information and belief, Federal National, guarantees the timely payment of principal and interest payments on Mortgage Backed Securities to institutional investors. FNMA is the purported investor and attempted assignee of the Yeboah Mortgage from JP Morgan Chase. Yeboah alleges that the Assignment of Mortgage from JP Morgan Chase to FNMA is void.

## JURISDICTION

8. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

9. Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

10. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

2

b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

d. Plaintiff claims that only she has a marletable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

11. Plaintiff, Seth K. Armah Yeboah, became the owner of the property located at 17-19 Sanford Street, Pawtucket, Rhode Island 02860 on August 15, 2000. The Deed granting ORTIZ the property was recorded in the Land Evidence Records of the City of Pawtucket in Book 1210 Page 265. (Exhibit 1)

12. On June 10, 2004, Yeboah executed a mortgage which they believed was to Greenwich Mortgage Corporation and which identified Greenwich Mortgage Corporation as the Lender (the "Mortgage"). The Mortgage to Yeboah allegedly secured a loan to Yeboah in the amount of $231,000.00. The Mortgage was recorded in the Land Evidence Records of the City of Pawtucket in Book 2113 at Page 21.

13. On June 21, 2004, an alleged Assignment of Mortgage was recorded purporting to transfer the Yeboah Mortgage from Greenwich Mortgage Corporation to Washington Mutual Bank. ("First Assignment"). The alleged First Assignment was recorded in the Land Evidence Records of the City of Pawtucket in Book 2113 at Page 37.

14. On December 5, 2012, another alleged Assignment of Mortgage was recorded purporting to transfer the Yeboah Mortgage from JP Morgan Chase Bank to FNMA ("Second Assignment"). The alleged Second Assignment was recorded in the Land Evidence Records of the City of Pawtucket in Book 3545 at Page 59.

15. The Second Assignment states that JP Morgan Chase is a "successor in interest" of the Yeboah Mortgage by purchase from the FDIC. JP Morgan Chase is not a "successor in interest" to the FDIC.

16. R.I.G.L. 34-11-1 states in pertinent part that "every conveyance of lands....by way of mortgage...for any term longer than one year,...shall be void unless made in writing duly signed, acknowledged as hereinafter provided, delivered, and recorded" The purported purchase of the **Yeboah** mortgage by **Chase** from the FDIC was a "conveyance" for purposes of the statute and is void because the conveyance was not signed, delivered and recorded by way of assignment.

17. R.I.G.L. 34-11-22 states in pertinent part that "it shall be lawful for the mortgagee or his, her or its executors, administrators, successors or assigns sell". **Chase** has failed to show that it is a mortgagee, successor or assign under Rhode Island Law because no assignment has been recorded in accordance with R.I.G.L. 34-11-1, 34-11-22, and 34-11-24 (Exhibit 4)

18. A mortgage deed is null and void if there is no evidence of debt secured by the mortgagee deed. Nadjarian v. Rose, PC/05-5213 (R.I. Super. 11-17-2009). (Exhibit 5) **Chase** has failed to show that it is the beneficial holder of the Note or is acting for the beneficial holder of the Note.

19. **Chase**, wrongly published the notice of sale without contractual or statutory authority

20. The Second Assignment is void under R.I.G.L. 34-11-1 and 34-11-24.

21. The Second Assignment failed to assign the Note because Assignment was a "nullity" for failure to assign the note.

22. The Second Assignment of Mortgage failed to transfer the obligation in which the mortgage secured (ie. The Note).

23. JP Morgan Chase is not a valid mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law.

24. JP Morgan Chase fails to have legal authority to foreclose on said Property.

25. This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such falls within the jurisdiction of this Honorable Superior Court.

26. This is a justiciable controversy and is appropriate Judgment.

## COUNT I
### Injunctive Relief and Declaratory Judgment

27. The Plaintiff hereby reincorporates paragraphs 1 – 26 as if they were fully articulated herein.

28. Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

29. The Second Assignment from JP Morgan Chase to FNMA is invalid and "void".

30. JP Morgan Chase Bank and FNMA have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Yeboah has suffered compensable damages.

31. Plaintiff is being irreparably harmed by the actions of all of the Defendants.

32. Plaintiff has no other remedy at law but to seek the relief requested herein.

33. The Equities of the matter favor the Plaintiff.

34. Public Policy matters favor the Plaintiff.

**WHEREFORE**, Yeboah prays for the following relief:

  a. Determine that there is no assignments to either JP Morgan Chase or FNMA of record with regard to the mortgage;
  b. Determine that any Foreclosure Deed is null and void;
  c. Order that JP Morgan Chase Bank and FNMA have no interest in the subject property;
  d. Restrain JP Morgan Chase Bank and FNMA from commencing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiff' tenants pending a trial on the merits of the Plaintiff's complaint,
  e. Award the Plaintiff compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact
  f. Award attorney's fees and costs
  g. Award such other relief as this Court deems just and proper.

## COUNT II
### Quieting Title
### Rhode Island General Law §34-16-5

35. The Plaintiff hereby realizes and reincorporates paragraphs 1 – 34 as if they were fully articulated herein.

36. The real estate as issue is located at 17-19 Sanford Street, Pawtucket, Rhode Island 02860.

37. FNMA and Yeboah make claim to the fee simple interest in the aforesaid property.

38. Yeboah claims title to the property pursuant to a Deed recorded on August 15, 2000 in Book 1210 Page 265 in the Land Evidence Records of the City of Pawtucket.

39. FNMA claims an adverse interest adverse to ORTIZ by way of an Assignment of Mortgage from JP Morgan Chase in the Land Evidence Records of the City of Pawtucket on December 5, 2012 in Book 3545 at Page 59. The Assignment of Mortgage is invalid and void.

40. FNMA claims an adverse interest in the property, to wit, a Foreclosure Deed recorded in the Land Evidence Records of the City of Pawtucket. The Foreclosure Deed is invalid

**WHEREFORE**, ORTIZ prays for the following relief:

i. Declare that the purported Assignment from JP Morgan Chase to FNMA is invalid and failed to transfer title to said Mortgage and Note to FNMA;
ii. That any foreclosure sale conducted by the Defendants, FNMA and or JP Morgan Chase Bank be declared void;
iii. That any Foreclosure Deed recorded by the Defendants is void;
iv. Injunctive relief staying FNMA and or JP Morgan Chase Bank from proceeding with any eviction actions against the Plaintiff, Yeboah or his tenants;
v. Declare that the Plaintiff, Yeboah, is the owners of the Property;
vi. Award the Plaintiff money damages from Defendants for all monetary damages including but not limited to attorneys' fees and such further relief as is just and equitable;
vii. Injunctive relief staying any foreclosure sale on the Property so that this case may adequately be heard prior to an unjust foreclosure; and
viii. Such other relief this Court deems fair and just.

Plaintiff,
Seth K. Armah Yeboah,
By his attorney,

*Todd Dion*

Todd S. Dion Esq. (6852)
1319 Cranston Street
Cranston RI 02920
401-270-0639 Phone
401-270-2202 Fax

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all matters so triable as a matter of right